## 49253. PUGH v. DEPARTMENT OF HUMAN RESOURCES.

Quillian, Judge.

The appellant made an application for financial assistance with the Department of Human Resources. A hearing was held before a hearing director where evidence was introduced. The director made a recommended decision that the appellant's application be denied. This decision was adopted by the Commissioner of the Department of Human Resources. This decision was subsequently affirmed by the Superior Court. It is from that judgment this appeal was filed. *Held:*

The recommended decision's findings of fact stated that: "The claimant is not permanently and totally disabled within the definition of the regulations of this department. As noted by Dr. Hicks varicose veins can be

treated by surgery and this is considered by him to be her primary disability." The decision further stated: "It is the conclusion of the hearing officer that the regulations of this department define a permanent and total disability as one that will not respond to treatment. Since claimant's disability can be treated she is not permanently and totally disabled. It is recommended that the County's action in denying the application of this claimant for Aid to the Disabled on the grounds that she is not permanently and totally disabled be sustained, effective immediately."

The recommended decision was based upon a letter which was introduced in evidence of Dr. John W. Hicks, Jr. which read: "This is concerning the conversation I had with you on January 4, 1973. You will remember as I outlined to you yesterday, Mrs. Annie Pugh's primary disability is due to her severe bilateral varicose veins. I believe that this patient is totally disabled to work at this time. Although surgery would help her legs, I would have to re-evaluate her after surgery to determine whether she would ever be able to do any kind of work requiring her to stand for long periods of time."

In defining permanent disability in connection with assistance for the disabled, Code Ann. § 99-2001 (Ga. L. 1952, pp. 15, 16; 1957, pp. 368, 372; 1963, pp. 581, 582) provides: "The term 'totally and permanently disabled' means any person not less than 18 nor more than 65 years of age who has a medically demonstrable disability which is permanent and which renders him incapable of performing any gainful occupation within his competence."

It is clear that the hearing director based his decision that the appellant's condition was not permanent upon the fact that Dr. Hicks stated that "surgery would help her legs." However, the doctor's letter did not state to what degree the surgery would "help" her legs and whether subsequent to the surgery she would be capable of performing any gainful occupation. It must be noted that the doctor's letter stated that in his opinion she was totally disabled to work at the time he examined her and that he would have to re-evaluate her after surgery to determine if she would

be able to perform any "kind of work." This evidence was not sufficient to support a finding as to whether the appellant was permanently disabled. Therefore, it will be necessary that this case be remanded so that sufficient evidence might be presented to enable the director, and thereafter the commissioner, to make a proper determination of the issue of whether the appellant's condition is permanent.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 1, 1974 — REHEARING DENIED JUNE 10, 1974.

*Richard D. Ellenberg,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, Assistant Attorneys General, R. Douglas Lackey, Deputy Assistant Attorney General,* for appellee.